IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA LEE JENNINGS,<br>    Petitioner,<br><br>v.<br><br>GEORGE P. WINSTON,<br>    Respondent. | Case No. 7:18-cv-00521<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

MEMORANDUM OPINION

Petitioner Joshua Lee Jennings, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment entered by the Circuit Court of Spotsylvania County on April 13, 2017. The trial court sentenced Jennings to five years' active incarceration for his second violation of probation and resuspended 62 years. Respondent has filed a motion to dismiss the petition, and Jennings has responded, making the matter ripe for disposition.

After careful review of Jennings' claims and the record of all proceedings in the state court, the court concludes that the procedural default of Jennings' claims under state law is an adequate and independent ground for the state court's denial of his state habeas petition. Further, Jennings has not demonstrated the required cause and prejudice to overcome the procedural bar. For these reasons, the court will grant the motion to dismiss and will deny Jennings a certificate of appealability.

I. BACKGROUND[1]

On November 8, 2006, the Spotsylvania County Circuit Court sentenced Jennings to 75 years in prison, with 68 of the years suspended, for one count of possession of child pornography in violation of Virginia Code § 18.2-374.1:1 and 10 counts of possession of child pornography, second offense, in violation of Virginia Code § 18.2-374.1:1(D). His active sentence was to be followed by 12 years of good behavior and indefinite supervised probation. Jennings never appealed from this conviction or sentence.

On November 25, 2014, Jennings acknowledged being in violation of the terms of his suspended sentence, and the court revoked his 68-year suspended sentence and re-suspended all but one year, by order entered December 19, 2014. (Ct. Rec., 21–22.) Jennings did not appeal from this judgment, either. On January 26, 2017, Jennings was arrested for his second violation of probation. (*Id.* at 1.)

On March 28, 2017, Jennings pled guilty to being in violation of the terms and conditions of his suspended sentence and supervised probation. The violation report filed with the court alleged that the Pulaski Police Department investigated Jennings for downloading child pornography in December 2016; Jennings admitted during an interview on December 28, 2016, that he had purchased a Hewlett Packard laptop computer from Craigslist in March 2016, which was his computer and used only by him, even though he knew he was prohibited from possessing

---

[1] Petitioner and respondent have attached some state court documents as exhibits to their pleadings. (*See* Dkt. Nos. 1 & 14.) The court cites to those where possible, using the ECF-generated exhibit and page numbers. The factual and procedural background are drawn from those pleadings and from the official records of the Spotsylvania County Circuit Court and the Supreme Court of Virginia, paper copies of which are on file with the Clerk. Citations herein to "Ct. Rec." refer to the records from Spotsylvania County Circuit Court in state cases CR06-41-01 through CR06-51-01, which records are sequentially numbered from pages 1 to 126 at the bottom center of each page.

a computer. (*Id.* at 19–20.) He further acknowledged that he had downloaded pornography from Pornbay and Pirate Bay. The Pulaski officers provided a report to Jennings' probation officer that included a description of three pornographic videos of known pornography found on Jennings' computer and eight additional images of suspected child pornography. (*Id.*) According to Jennings, the images of child pornography were found in "unallocated space" on the computer, having been erased, and they had to be "restored and reconstituted" during the forensic evaluation. (*Id.* at 110.) Although the state's advisory Probation Violator Guidelines recommended incarceration for a period of three to six months (*id.* at 96–97), the court revoked his 67-year sentence and imposed an active sentence of five years in prison, re-suspending 62 years. The court entered its written order on April 13, 2017. (*Id.* at 100–02.) On May 31, 2017, Jennings filed a motion for reconsideration of his sentence. (*Id.* at 104–05.) After consideration on the merits, the trial court denied the motion for reconsideration on July 7, 2017. (*Id.* at 112.) Jennings did not appeal his sentence.

On February 5, 2018, Jennings filed a petition for habeas corpus in Spotsylvania County Circuit Court, raising the following claims: (1) The supervision condition banning his access to computers violated his First Amendment rights; (2) the condition banning his access to computers was an "impossible condition," necessarily leading to further incarceration; (3) the government improperly admitted evidence of deleted pornographic videos in the unallocated space of his computer's hard drive; and (4) ineffective assistance of counsel. After considering the pleadings and the record, the state court ruled that Jennings' first two claims were waived when he pled guilty, were untimely to the extent they challenged conditions imposed in 2006 and re-imposed in 2014, and were procedurally defaulted when he failed to appeal any of the judgment orders. (Order, *Jennings v. Commonwealth*, No. CL18-570 (Spotsylvania Co. Cir. Ct.

3

May 2, 2018), attached to Pet., Dkt. No. 1 at 18–19.) Likewise, the state court held that Jennings' evidentiary objection set forth in claim three was procedurally defaulted when he failed to appeal from the judgment imposed. (Order at 19.)

The state court addressed the ineffective assistance of counsel claim on its merits, considering the allegations of Jennings' petition and the affidavit of his former attorney filed in response to the petition. The court first held that it found the attorney's affidavit to be credible, resolving factually disputed issues against Jennings, and then ruled that Jennings had failed to prove either that counsel's representation was constitutionally deficient or that he was prejudiced. (*Id.* at 19–20.)

Jennings filed a notice of appeal to the Supreme Court of Virginia, challenging the trial court's habeas decision. However, he failed to perfect the appeal because he did not file a petition for appeal within 90 days of the May 2, 2018 judgment, as required by Rule 5:17(a)(1) of the Rules of Court. (Letter to Jennings, Pet. 17.) On September 7, 2018, the Supreme Court of Virginia dismissed Jennings' appeal for failure to file a timely petition. (Dismissal Order, Ex. 2 to Resp.'s Br. in Supp. of Mot. to Dismiss, Dkt. No. 14-2.)

On January 30, 2019, Jennings filed his petition for writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254, raising substantially the same claims he presented to the state court.

II. DISCUSSION

A. **Procedural Requirements**

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), federal statutes require state prisoners to meet several procedural requirements before a federal court may grant relief in habeas corpus. First, the petitioner must file his claim timely, generally

4

within one year from the date on which the state court judgment became final. 28 U.S.C. 2244(d)(1)(A). Next, he must exhaust his state court remedies before filing in federal court. 28 U.S.C. § 2254(b)(1)(A).

**1. Timeliness**

The sentencing order from which Jennings seeks relief was entered April 13, 2017. (Ct. Rec. 100–02.) The order became final on May 13, 2018, because that was the last day on which he could have filed an appeal under Virginia law. Va. Code § 8.01-675.3 (requiring notice of appeal to be filed within 30 days from entry of trial court's final order). The trial court entered an order denying reconsideration of Jennings' sentence, but under Rule 1:1 of the Supreme Court of Virginia, entertaining a motion for reconsideration filed by a prisoner does not extend the deadline for filing an appeal or seeking collateral relief. Normally, then, Jennings would have to file his § 2254 petition before May 13, 2018. 28 U.S.C. § 2244(d)(1)(A). However, the statute of limitations is tolled during the pendency of a properly filed application for state collateral relief from the judgment. 28 U.S.C. § 2244(d)(2).

Jennings' state habeas petition was timely and properly filed in the state circuit court on February 5, 2018. At that time, 265 days of his 365 days to file had run, but the clock then stopped running. The time remained tolled until dismissal of his state habeas appeal on September 7, 2018, when the clock began running again with 97 days left, which would have expired on December 17, 2018 (as December 16, 2018, was a Sunday). Jennings executed his 2254 petition on October 18, 2018, and it was received and docketed by this court on October 23, 2018, well within the deadline. Therefore, Jennings' petition is timely.

## 2. Exhaustion

Section 2254(b)(1)(A) requires a petitioner to exhaust his state court remedies before filing his petition in federal court. This means that the petitioner must first present his federal claims to the highest state court, giving that court a full and fair opportunity to consider the merits of the federal claims raised. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If one fails to meet the state's procedural requirements, then he "has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). When the state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal, then the petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In the present case, the Supreme Court of Virginia dismissed Jennings' habeas appeal because he failed to comply with the procedural requirement of filing a petition in support of his appeal within 90 days of the trial court's judgment. (Dismissal Order.) The Fourth Circuit Court of Appeals has long recognized this very rule as an independent and adequate state ground for the Supreme Court of Virginia to dismiss a habeas appeal. *O'Dell v. Netherland*, 95 F.3d 1214, 1244 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). Therefore, Jennings' claims have never been considered by the state's highest court on the merits because of his procedural default.

When there are no more state court remedies available, a petitioner's claim has been exhausted. *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Jennings has no more state court remedies available, so his claims are exhausted; they are also simultaneously procedurally defaulted. Therefore, Jennings can prevail on his § 2254 claims only if he can show both cause for the default and actual prejudice as a result of the

6

claimed federal violations, or if he can demonstrate that failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

**B. Jennings' Claimed Grounds for Relief**

    **1. Ground 1: Computer ban violates the First Amendment**

As discussed in procedural requirements, this constitutional claim is procedurally defaulted. Jennings can prevail only if he shows cause for the default and actual prejudice as a result of the alleged violation of federal law. Jennings has made no such showing here.

Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the prisoner. *Coleman*, 501 U.S. at 756–57. Examples of good cause for default include interference by government officials that makes compliance impossible or impractical, such as failing to provide transcripts, coercion, or acts or omissions of prison officials. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If the factual basis for the claim was not reasonably available to the prisoner at the time of his default, that may constitute good cause. *Reed v. Ross*, 468 U.S. 1, 15 (1984). Negligence or inadvertence of state trial counsel, however, is generally *not* adequate cause for default, unless it rises to the level of constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 486.

Jennings cannot claim that he was unaware of the facts upon which he bases his constitutional argument. He raised his First Amendment concerns in his motion for reconsideration before the trial court, and he raised the same issue in his state habeas petition, along with his attorney's alleged ineffective assistance for failing to raise the issue and failing to appeal. He then defaulted on his claim by failing to appeal the state court's denial of his habeas petition to the Supreme Court of Virginia, thereby depriving that court the opportunity to address

7

the issue. His procedural default bars consideration of this claim, and there is no good cause shown for the default.

Even had he shown cause for failing to raise this issue below, Jennings can demonstrate no prejudice. Actual prejudice requires him to show that federal errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). His supervision was revoked for multiple reasons; buying a computer was not the most serious of them. Evidence that his computer had images of child pornography on it, at least at some point in time, was a larger concern. His admissions to Pulaski law enforcement officers, who were investigating potential new charges against him for downloading child pornography, provided further evidence that Jennings had violated more serious conditions of his terms and release. Indeed, by the time of his revocation hearing in Spotsylvania County, Pulaski County had apparently secured active arrest warrants against Jennings. (Ct. Rec. 91.) In imposing the sentence above the advisory guideline recommendation, the trial judge explained his reasons, one of which was that Jennings had downloaded pornography in bulk, including images of child pornography, the very offense for which he was on probation. (*Id.* at 97.) Under these circumstances, the outcome of his violation hearing was not prejudiced by counsel's failure to consider his claim that the condition prohibiting his possession or use of computers violated the First Amendment. Whatever First Amendment rights may or may not attach to ownership and use of a computer,[2] there is no First

---

[2] Cases have not uniformly supported Jennings' assertion that a complete ban on computer access, absent approval from probation, is an unconstitutional condition of supervision. *See, e.g.*, *United States v. Miller*, 665 F.3d 114, 131–32 (5th Cir. 2011); *United States v. Bender*, 566 F.3d 748, 751–52 (8th Cir. 2009); and *United States v. Johnson*, 446 F.3d 272, 281–83 (2d Cir. 2006). Further, the Fourth Circuit Court of Appeals recognizes that conditions of supervision may restrict a defendant's exercise of constitutional rights when the condition is directly

Amendment right to download child pornography. *Osborne v. Ohio*, 495 U.S. 103, 109 (1990); *New York v. Ferber*, 458 U.S. 747, 756–58 (1982).

Because he has failed to demonstrate either cause for default or actual prejudice, his first claim is dismissed as procedurally defaulted.

**2. Ground 2: Imposition of a ban on computer access violated his rights**

The Spotsylvania County Circuit Court originally imposed the ban on access to computers as a condition of probation in 2006, when the judgment order was signed on December 28, 2006. Jennings did not appeal imposition of the condition when it was imposed, which defaulted the claim under state law. *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974). This procedural default is an independent and adequate state ground for denying the relief he now seeks. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). Further, his 2018 petition for relief from that condition is more than a decade out of time. 28 U.S.C. 2244(d)(1)(A).

The probation condition was re-imposed in 2014, following his first probation violation. (Ct. Rec. 21–22.) He did not appeal then, procedurally defaulting the claim under state law. His 2254 petition filed in 2018 is untimely to challenge the condition.

Assuming without deciding that Jennings could have challenged the condition during his second revocation hearing in 2017, he did not do so. He then procedurally defaulted his claim by failing to perfect his habeas appeal to the Supreme Court of Virginia, as discussed earlier herein.

Jennings cited several cases to support his claim that the ban on computer access violated his rights and prejudiced him. As noted in footnote 2 previously, the cases do not uniformly hold

---

related to advancing a defendant's rehabilitation and protecting the public from recidivism. *United States v. Wilinski*, 175 Fed. Appx. 275, 276 (4th Cir. 2006) (unpublished).

that a computer ban violates his rights, and none of the cases cited were from the Fourth Circuit Court of Appeals. Nor do they support a claim of actual prejudice, because all involved direct appeals from initial sentencing orders imposed in the trial court, which were reviewed for plain error, not for actual prejudice. *See United States v. Mayo*, 642 F.3d 628, 632 (8th Cir. 2011); *United States v. Miller,* 594 F.3d 172, 184–88 (3rd Cir. 2010); *United States v. Barsumyan,* 517 F.3d 1154, 1160–61 (9th Cir. 2008); *United States v. Holm*, 326 F.3d 872, 877-79 (7th Cir. 2003). None of them were claims that had been defaulted on direct appeal and then defaulted in state collateral proceedings as well. In the current posture of Jennings' case, the stricter standard of actual prejudice applies, and he has not met it for the reasons set forth in Ground 1. Because he has failed to show cause for his procedural default and failed to demonstrate actual prejudice at his violation hearing, his claim for Ground 2 is procedurally defaulted.

3. **Ground 3: Evidence of child pornography images in unallocated space improperly admitted, causing bias[3]**

Jennings defaulted this issue by failing to raise it at the revocation hearing, by failing to file a direct appeal, and by failing to appeal his state habeas decision, as previously explained in procedural requirements. He has not demonstrated cause for default, as discussed in Ground 1. Nor has he demonstrated prejudice, because the issue raised is fundamentally a question of state law, which is not cognizable on federal review. A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the

---

[3] Jennings raised this issue in his state habeas petition, but the trial court's opinion did not address it, other than to hold that Jennings' substantive claims were defaulted by failure to appeal the revocation judgment. (Order, Pet. at 18–20.) For purposes of evaluating prejudice, this court applies the deferential standard articulated in *Harrington v. Richter*, 562 U.S. 86 (2011). *Harrington* instructs the federal habeas court to "determine what arguments or theories . . . could have supported" the state court's decision. *Id.* at 102.

10

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A state court's interpretation of its own rules of evidence is, quintessentially, a state law question. *Id.* at 72.

Even if the trial court's ruling had violated the rules of evidence—which it did not[4]—such violation would not amount to a violation of due process. First, the proceeding below was a probation revocation hearing, not a criminal trial. Rules of evidence and formal procedure generally are not used or required in violation proceedings. *Downey v. Commonwealth*, 716 S.E.2d 472, 475–76 (Va. Ct. App. 2011). Nor is it necessary that a defendant be convicted of new criminal charges for his conduct to be the basis of a violation. *Dossola v. Commonwealth*, 559 S.E.2d 385, 387 (Va. Ct. App. 2002). Because a probation violation need not be proved "beyond a reasonable doubt," the trial court can find a defendant in violation of probation based on conduct for which a jury acquitted him of criminal charges. *Marshall v. Commonwealth*, 116 S.E.2d 270, 274 (Va. 1960). Revocation of probation is committed to the sound discretion of the trial court, and the trial judge has discretion to determine the sufficiency of the evidence to support a revocation, which is reviewed on appeal only for abuse of discretion. *Hamilton v. Commonwealth*, 228 S.E.2d 555, 556 (Va. 1976).

---

[4] The case Jennings relies upon, *Kobman v. Commonwealth*, 777 S.E.2d 565 (Va. Ct. App. 2015), does not support his contention that evidence of images in unallocated space is inadmissible. Rather, if that is the *only* evidence, without more to connect the images to the defendant on the date charged in the indictment, it is not sufficient to support a conviction *beyond a reasonable doubt*. *Id.* at 567. The evidence is still admissible to corroborate other evidence and if corroborated itself, is circumstantial evidence of possession at some point in time. *Id.* Because the proceeding challenged was a probation revocation hearing, not a trial, proof beyond a reasonable doubt was not required, as discussed in this section.

11

For these reasons, Jennings has suffered no actual prejudice from defaulting this issue because the issue is a state law issue, not cognizable in federal habeas review, and does not rise to the level of a federal constitutional violation.

### 4. Ineffective assistance of counsel

The Supreme Court has held that ineffective assistance of counsel in state habeas proceedings generally does not constitute cause for procedural default in those proceedings because there is no constitutional right to counsel in post-conviction proceedings. *Coleman*, 501 U.S. at 755. The Court later recognized an equitable exception in cases where the defendant's first opportunity to raise an ineffective assistance of counsel claim is in post-conviction proceedings. *Martinez v. Ryan*, 566 U.S. 1, 12–13 (2012). Virginia does not allow a defendant to raise ineffective assistance of trial counsel claims on direct appeal, and, therefore, habeas corpus under Virginia Code § 8.01–654 is a defendant's first opportunity to raise such a claim. If Jennings (either representing himself, as he did, or through counsel) had failed to raise ineffective assistance of trial counsel in his state petition for habeas corpus, then that would give Jennings the opportunity to try to demonstrate that constitutionally inadequate counsel provided cause for his procedural default under the guidelines established in *Martinez*. That did not happen, though. Jennings raised ineffective assistance of counsel, giving the trial court the opportunity to fully and fairly address the issue. His failure to properly perfect his state appeal of the habeas petition is a new procedural default and an independent and adequate state ground for the state's dismissal of his claim. As discussed previously in procedural requirements, Jennings has not demonstrated any cause for the procedural default of his habeas appeal.

Nor has Jennings demonstrated any prejudice. When reviewing counsel's performance, courts apply a highly deferential standard. A petitioner must show that (1) counsel's

12

performance was so deficient that she was not functioning as counsel guaranteed by the Sixth Amendment *and* (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must meet both prongs of the test. Neither deficiency alone nor prejudice alone will entitle a defendant to relief.

Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. The reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions. *Id*. at 689–90. In the present case, the state court judge held that Jennings failed to show that counsel's performance was constitutionally deficient. (Order, Pet. at 19.) Under the habeas statute, a federal court cannot grant relief on a state claim that was adjudicated on its merits unless the decision was either contrary to or "an unreasonable application of clearly established federal law" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). After considering both counsel's affidavit and Jennings' state petition, the state court determined that counsel discussed the possibility of filing a motion for reconsideration and Jennings' right to appeal. That is not an unreasonable determination of the facts in light of the evidence and would have been accorded deference if this court reached the merits of Jennings' claims.

To establish prejudice, defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The state habeas judge noted that Jennings filed the motion for reconsideration on his own behalf, making the arguments he wanted to make, and the motion was denied. Accordingly, the court concluded that Jennings suffered no prejudice from any alleged failure of counsel to file a motion for reconsideration. This decision was not contrary to

13

nor an unreasonable application of federal law and would have been accorded full deference if this court reached the merits of Jennings' claim. Likewise, the state court accepted counsel's representation that Jennings decided he did not want to appeal after discussion with counsel. (Order, Pet. at 20.) This is not an unreasonable determination of facts, and this court would have no choice but to defer to the state court's factual findings if the court reached the merits of the claim.

Because of the double deference required (deference to reasonableness of counsel's decisions and deference to reasonable findings of fact and conclusions of law by the state court), Jennings cannot establish prejudice caused by defaulting his claim for ineffective assistance of counsel.

### III.  CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss. Further, concluding that Jennings has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered.

Entered: December 5, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge